```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

ACCESS FOR AMERICA, DOUG WILDER,

               Plaintiffs,

vs.                              Case No. 2:03-cv-689-FtM-29SPC

HERITAGE SQUARE CONDOMINIUM ASSOCIATION, INC.,

               Defendant.
_____/

## OPINION AND ORDER

This matter comes before the Court on plaintiffs' Verified Application for Attorney's Fees, Costs and Expert's Witness Fees (Doc. #93), filed on February 11, 2005. On March 4, 2005, the Court granted an extension of time to file a response. (See Doc. #98). The time has now expired and no response has been filed.

Under 42 U.S.C. § 12205, a prevailing party is entitled to a "reasonable attorney's fee, including litigation expenses, and costs" at the Court's discretion. On November 17, 2004, the Court entered an Order (Doc. #67) on plaintiffs' Motion for Summary Judgment (Doc. #44) finding in favor of plaintiff as to liability regarding the parking lot violations, entrance access and path of travel, and otherwise denying the motion. The Court conducted a bench trial, commencing January 19, 2005, on the remaining issues. On January 31, 2005, the Court entered an Opinion and Order (Doc. #90) finding that defendant was not and is not in compliance with the Americans with Disabilities Act (ADA) and compelling defendant

to make certain modifications. The Court also entered a permanent injunction (Doc. #91) regarding the modifications or alterations to be completed by defendant. The Court finds that plaintiffs are the prevailing party, as defined by the Eleventh Circuit Court of Appeals, and is entitled a reasonable fee, including expenses and costs.

Plaintiffs seek attorney fees in the amount of $32,306.00 at a rate of $290.00 an hour; expert witness fees in the amount of $5,600.00; and costs in the amount of $1,606.65. The Court concludes that the amount of a reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). Having reviewed the Certificate of Anthony J. Brady, Jr., Esq., and counsel James V. Johnstone's Curriculum Vitae, the Court finds that $290.00 is a reasonable hourly rate when considering counsel's experience, and previous determinations by this Court as to the reasonable hourly rate in ADA cases.

Attorney Johnstone's Affidavit (Doc. #93, Ex. 4) provides a description of the fees, costs, litigation expenses, and expert witness fees incurred. Upon review, the Court finds the following

entries should be eliminated because the Court is not inclined to award fees for counsel's travel time or for addressing an order to show cause for failure to file a Certificate of Interested Persons and Corporate Disclosure Statement: 1/23/04; 1/27/04; 4/2/2004;6/24/04 (both entries); 7/27/04; 7/29/04 (will be reduced to half); and 1/19/05. Therefore, a total of 37.25 hours will be eliminated for a total of 74.15 hours. The Court finds that an award of **$21,503.50** in attorney fees is appropriate and reasonable.

Plaintiffs seeks costs for depositions, the filing fee, process service, travel, and miscellaneous expenses. The Court finds that the title search cost should be eliminated as an overhead expense. The request for $38.00 will also be eliminated as the Court cannot determine whether the photocopying costs were necessarily incurred in this case. The Court otherwise finds that the depositions were filed in conjunction with the motion for summary judgment and the other expenses are reasonable. Therefore, the Court will allow **$1,493.65** in costs and expenses.

Plaintiffs, pursuant to an Invoice by AccesSolution.com, Inc. (Doc. #93, Ex. 6), seek reimbursement for expenses incurred for inspections for ADA violations. Having reviewed the Invoice, the Court finds that the amount requested, **$5,600.00** is reasonable and should be awarded.

Accordingly, it is now

**ORDERED:**

1.   Plaintiffs' Verified Application for Attorney's Fees, Costs and Expert's Witness Fees (Doc. #93) is **GRANTED** as follows: plaintiffs are awarded **$21,503.50** in attorney fees, **$1,493.65** for costs and expenses, and **$5,600.00** for expert fees.

2.   The Clerk shall enter Judgment accordingly and provide plaintiffs a certified copy of this Opinion and Order and the Judgment.

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of May, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record